

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50218 | **DATE** | 1/18/2002 |
| **CASE TITLE** | ROYCE vs. BROCK | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, defendants' motion to strike and dismiss is denied and the judgment of the Bankruptcy Court is affirmed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JAN 2 2 2002 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 1-22-02 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | 02 JAN 22 PM 3:27 FILED | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

In Re:                                    )
                                          ) On Appeal From
BROCK EQUIPMENT COMPANY                   ) Case No. 98 B 50998
                                          ) Adv. Pro. No. 99 A 5066
                    Debtor.               )
                                          )
_____          )
                                          )
ROYCE REALTY & MANAGEMENT                 )
CORPORATION and ROBERT R.                 )
KRILICH, SR.,                             )
                    Appellant,            )
                                          )
     v.                                   ) No. 01 C 50218
                                          )
BROCK EQUIPMENT CORPORATION               )
and MARVIN H. RICHER,                     )
                                          )
                                          )
                    Appellee.             )

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This is an appeal and cross-appeal from a final judgment of

the Bankruptcy Court for the Northern District of Illinois,

Western Division, in an adversary proceeding brought by the

debtor, Brock Equipment Corporation ("Brock"), and Marvin H.

Richer, as plaintiffs, against Royce Realty & Management

Corporation ("Royce") and Robert R. Krilich, Sr., as defendants.

The judgment awarded plaintiffs $103,081.01 on their breach of

contract claim and was in favor of defendants on plaintiffs'

fraud claim. The judgment also disallowed claims filed by Royce

against Brock and Richer in their bankruptcy proceedings. Timely

notices of appeal and cross-appeal were filed by defendants and
plaintiffs. Jurisdiction over the appeals in this court is
proper under 28 U.S.C. § 158(a). Defendants, asserting
noncompliance with Federal Rule of Bankruptcy Procedure 8006,
have also moved to dismiss plaintiffs' cross-appeal and to strike
additional items from the record on appeal.

## II. **FACTS**

In late 1996, plaintiffs contacted defendants concerning
plaintiffs' need to obtain financing to complete a real estate
transaction, which, because of an order in a state court
proceeding, needed to be closed expeditiously. In January 1997,
the parties entered a written agreement concerning defendants'
role in obtaining financing for plaintiffs and the fee to be
paid. At that time, plaintiffs executed a promissory note in the
sum of $100,000 to Royce referencing the written agreement.
Plaintiffs ultimately did receive a loan and defendants were paid
$100,000 from the proceeds at closing.

In 1999, Richer and Brock each filed Chapter 11 bankruptcy
petitions. Royce filed a proof of claim in each case for
$100,000 based on the promissory note. Richer and Brock filed
objections to the claims and initiated an adversary proceeding
seeking recovery of the $100,000 previously paid and
disallowance of the claims. The adversary complaint asserted
claims based on the theories of breach of contract and fraud.

The essence of the adversary complaint is that defendants did not, in fact, obtain the financing for plaintiffs per the January 1997 agreement and made certain false statements inducing plaintiffs to believe defendants possessed certain influence with a lender and used that influence to obtain financing for plaintiffs.

The matter was tried to the Bankruptcy Court resulting in a judgment in favor of plaintiffs on the breach of contract count, in favor of defendants on the fraud count, and disallowing the claims filed by Royce.

## III. ANALYSIS

### A. Motion to Strike & Dismiss

Defendants, asserting noncompliance with Federal Rule of Bankruptcy Procedure 8006, filed a motion to dismiss the cross-appeal and to strike certain items designated for the record by plaintiffs. Noncompliance with Bankruptcy Rule 8006 is a matter addressed to the court's discretion. See In re Bulic, 997 F.2d 299, 302 n.3 (7th Cir. 1993)( using an abuse of discretion standard to review district court's decision on failure to designate items for the record). Here, defendants cite plaintiffs' failure to file a designation of additional items to be included in the record on appeal within the ten days allowed after defendant's initial designation. Defendants also cite plaintiffs' failure to file a designation of items to be included

in the record on plaintiffs' cross-appeal within ten days of the filing of the notice of appeal for the cross appeal. Plaintiffs filed the designation late with their brief. Defendants claim prejudice by being denied access to the complete record when preparing their initial brief.

Defendants, as appellants in this matter, had the initial obligation to designate items for the record. See Fed. R. Bankr. P. 8006. Their designation included for the most part only documents prepared by themselves - e.g., defendants' Post-Trial Brief and Closing Argument but not plaintiffs'. The better practice would have been to take a less lopsided approach to designating the record. While plaintiffs' tardy designation failed to comply with Rule 8006, it did not deprive defendants of the opportunity to fully advance their appeal or respond to the cross-appeal. Defendants' motion to dismiss and strike is denied.

**B. Breach of Contract**

The crux of this case is the meaning of certain contract terms establishing the obligations of defendants and whether defendants performed those obligations. Contract interpretation is a question of law and is reviewed de novo. Bourke v. Dun & Bradstreet Corp., 159 F.3d 1032, 1035 (7th Cir. 1998). The parties acknowledge that Illinois law applies. Under Illinois law, the first question is whether the contract terms are ambiguous. If not, the terms should be enforced as they appear.

4

Id. at 1036 (applying Illinois law.)  Illinois law requires that

the contract be examined as a whole, giving effect to all its

provisions and interpreting terms according to their plain and

ordinary meaning. Id. at 1038.

The contested terms appear in a letter dated January 10,

1997.[1]  The text of the letter, in relevant part, is as follows:

> Pursuant to our letter of December 3, 1996 concerning
> the above-mentioned property, we hereby acknowledge
> that this Company, Royce Realty & Management, is
> responsible in obtaining a first mortgage from the
> Inland Mortgage Corporation in excess of $2 Million.
> It is agreed that the total fee making [sic] this
> arrangement will be $200,000.
>
> *   *   *
>
> Should the one year loan be extended, we would be paid
> a fee of one half of one percent.
>
> *   *   *
>
> We always recognize in this Agreement that we are
> responsible for introducing to the Republic Bank Group
> should they determine to acquire a permanent mortgage
> from this group.  We would agree to negotiate the fee
> in connection with this refinance.

This letter is on letterhead bearing the name "Royce Realty

& Management" and bears a signature over the typed words "Robert

R. Krilich, Sr."  It also bears a signature, on a line designated

"Accepted," over the typed words "Marvin Richer, President."

Krilich and Richer acknowledge signing this document.

---

[1]  The letter is dated January 10, 1996, but the parties
agree 1997 is the correct date.

The Bankruptcy Court found, and this court agrees, that the contract is not ambiguous and that the phrase, "responsible in obtaining," "conveys that the defendant was undertaking an obligation of being a procuring agent or a principal factor . . ." in acquiring the loan. (January 24, 2001, Transcript of Proceedings p.4) This understanding comports with a dictionary definition of "responsible," which is "answerable as the primary cause, motive, or agent whether of evil or good." Webster's Third New International Dictionary 1935 (1986). The plain meaning of the contract language is that for Royce to get its fee, it must be the procuring agent of the loan being obtained.

Defendants contend that the language prior to "It is agreed," in the January 10th letter is an acknowledgment that Royce has already obtained financing and is entitled to a fee on meeting two subsequent conditions. This interpretation is not a reasonable one. The letter states "we hereby acknowledge . . . ." When reading the document as a whole, it is clear that the word "we" is used to mean Royce: "[W]e would be paid a fee of one half of one percent," "We always recognize . . . we are responsible for introducing . . . ," and "We would agree to negotiate . . . ." Examining the contract as a whole and giving the terms their plain and ordinary meaning, "We hereby acknowledge . . . Royce . . . is responsible in obtaining a first

6

mortgage . . ." means that *Royce* is acknowledging that *Royce* is

undertaking the obligation to be the procuring agent in acquiring

the loan.[2]

The Bankruptcy Court, after hearing all the evidence, concluded

that Royce did not meet its obligation to act as the procuring

agent in obtaining the loan and "was not a cause to any extent in

the loan being approved." This is a determination which will be

overturned only if clearly erroneous. See In re Rovell, 194 F.3d

867, 869 (7th Cir. 1999); Cook v. City of Chicago, 192 F.3d 693

(7th Cir. 1999).[3] The record contains ample testimony from

plaintiffs' witnesses, which if believed, supports the Bankruptcy

Court's conclusion that the lending decision was made apart from

any action of Royce. The Bankruptcy Court was in the best

position as the trier of fact to determine the credibility of

witnesses and evaluate the evidence. This court cannot say the

Bankruptcy Court's decision on this matter was clearly erroneous.

Accordingly, Royce was not entitled to a fee under the agreement

---

[2] This determination that the contract calls for Royce to be the procuring agent disposes of defendants' additional argument that the Bankruptcy Court improperly considered the adequacy of consideration for the agreement. That argument is premised on a reading of the contract in which Royce was not required to be the procuring agent.

[3] While defendants assert a mixed issue of law and fact requiring de novo review, the determination here, to the extent it is a mixed issue, falls within the "general" case discussed in Cook, calling for the clearly erroneous standard to be applied, not one of the exceptional cases requiring de novo review.

and the decision of the Bankruptcy Court in favor of plaintiffs
on the breach of contract claim and disallowing defendants' claim
in the bankruptcy case is affirmed.

## C. <u>Piercing the Corporate Veil</u>

Defendants contend the Bankruptcy Court erroneously pierced
the corporate veil in entering judgment against Krilich rather
than only against Royce.  However, defendants in their answer to
Count I of the complaint clearly admit that both Royce and
Krilich are parties to the agreement.  The plural, "defendants,"
is used throughout their answer.  This is a judicial admission
which removes the issue of whether Krilich is a party to the
contract from the realm of contested issues.  <u>See</u> <u>Solon v. Gary
Cmty. Sch. Corp.</u>, 180 F.3d 844, 857-58 (7th Cir. 1999).
Krilich's liability is based on his status as a party to the
agreement, not the result of piercing the corporate veil.  He
cannot now claim the nonperformance of the agreement was only
Royce's.

## D. <u>Cross-Appeal</u>

### 1. **Fraud Claim**

Plaintiffs assert on cross-appeal that the Bankruptcy Court
erred in ruling against them on the fraud count.  The elements of
fraud under Illinois law are:  (1) a false statement of material
fact; (2) knowledge or belief of falsity by the party making the
statement; (3) intention to induce the other party to act; (4)

action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance.  See Indemnified Capital Inv. v. R.J. O'Brien & Assoc., 12 F.3d 1406, 1411 (7th Cir. 1995).  In rendering its decision the Bankruptcy Court found the evidence insufficient to support a fraud claim.  The Bankruptcy Court's comments indicate plaintiffs did not establish the second element of a fraud claim.  The Bankruptcy Court did not commit clear error in viewing the evidence this way,  see In Matter of EDC, Inc., 930 F.2d 1275, 1279 (7th Cir. 1991), and will not be overturned.

### 2. Prejudgment Interest

Plaintiffs also contend the Bankruptcy Court erred in not awarding them prejudgment interest.  Whether to award prejudgment interest under Illinois law is a question of fact reviewed under an abuse of discretion standard.  See Ross-Berger Co., Inc. v. Equitable Life Assurance Soc'y, 872 F.2d 1331, 1338-39 (7th Cir.1989).  Plaintiffs do not provide any citation to the record showing the Bankruptcy Court exercising its discretion nor does the record appear to contain this information.  An appellate argument must be supported by citations to the record.  See Johnny Blastoff, Inc. v. Los Angeles Rams Co., 188 F.3d 427, 438 (7th Cir. 1999), cert. denied, 528 U.S. 1188 (2000); Fed. R. Bankr. P. 8010(a)(1)(E).  Further, plaintiffs have the burden of ensuring the record on appeal includes all the items relevant and

necessary to their position.  See <u>In re Ichinose</u>, 946 F.2d 1169, 1173 (5th Cir. 1991).  Plaintiffs do not argue that the Bankruptcy Court failed to exercise its discretion but that it abused its discretion. However, they have not provided a record upon which the exercise of discretion can be reviewed for abuse. Accordingly, the judgment of the Bankruptcy Court on this issue will not be disturbed.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, defendants' motion to strike and dismiss is denied and the judgment of the Bankruptcy Court is affirmed.

**E N T E R:**

PHILIP G. REINHARD, JUDGE
**UNITED STATES DISTRICT COURT**

**DATED:** Jany 18, 2002